# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:17-cr-00211-1 |
| | ) |
| DAVID PAYO, | ) Judge Mark R. Hornak |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION CONCERNING CERTAIN SENTENCING MATTERS**

This matter is before the Court on Defendant David Payo's Position With Respect to Sentencing Factors, ECF No. 38 ("Def.'s Position"), his Sentencing Memorandum, ECF No. 45 ("Def.'s Sentencing Memo."), the United States' Sentencing Memorandum, ECF No. 57 ("Gov't Sentencing Memo."), Defendant's Supplemental Objection, ECF No. 60 ("Def.'s Supp."), his Notice of Additional Objection and Request for Expedited Sentencing Schedule, ECF No. 62 ("Def.'s Notice"), the United States' submission of *Shepard* Documents, ECF No. 65 ("Gov't *Shepard* Memo."), and Defendant's Response in Opposition, ECF No. 67 ("Def.'s *Shepard* Memo."). The Court conducted a telephonic status conference on October 15, 2018, to hear argument from the parties regarding Defendant's objections to the PSR. (Minute Entry, ECF No. 61.)

The Court has considered the Presentence Report, ECF No. 35 ("PSR"), the Addendum thereto, ECF No. 39 ("Addendum"), the sentencing documents filed by the parties, and the entire record otherwise before the Court, and makes the following Tentative Findings and Conclusions.

### A. **Defendant Is a Guidelines Career Offender**

Defendant objects to the Career Offender Guideline enhancement applied in PSR ¶ 31, contending that the Government has not met its burden to prove that he has at least two prior felony convictions of either a crime of violence or a controlled substance offense, as contemplated

in U.S.S.G. § 4B1.1. (Def.'s Position, at 1.) The Government asserts that it has established the requisite prior felony convictions, based on the following: (1) Defendant's two convictions for federal bank robbery in violation of 18 U.S.C. § 2113(a); (2) his two Pennsylvania robbery convictions in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii); or (3) his Pennsylvania robbery conviction in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(iv). (Gov't Sentencing Memo., at 2.) For the following reasons, the Court concludes that Defendant has at least two prior felony convictions that qualify as crimes of violence under the Guidelines, and his objection to the enhancement applied at PSR ¶ 31 will therefore be overruled.

### 1. Federal Bank Robbery, 18 U.S.C. § 2113(a)

In 2001, Defendant was convicted of two counts of federal bank robbery in violation of 18 U.S.C. § 2113(a). (PSR ¶ 56.) He committed two separate bank robberies on the same date, March 28, 2001—one at 12:15 p.m. and one at 12:30 p.m. (*Id.*).

Bank robbery in violation of § 2113(a) qualifies as a crime of violence under § 4B1.2. *United States v. Wilson*, 880 F.3d 80, 85 (3d Cir. 2018). The Government, based on *United States v. Beckett*, 208 F.3d 140 (3d Cir. 2000), contends that both of Defendant's sentences for federal bank robbery qualify as predicate offenses because they are counted separately for purposes of U.S.S.G. § 4B1.1. But *United States v. Beckett* interpreted a prior version of § 4B1.2(c), which provided that a sentencing court had to determine whether convictions stemmed from "related" cases to determine whether they were separate. The "related cases" analysis no longer appears in the Guidelines as of a 2007 amendment.

The current § 4A1.2, which provides the rule for whether prior sentences are counted separately for § 4B1.1 purposes, says that absent an intervening arrest, prior sentences are counted separately unless they "resulted from offenses contained in the same charging instrument" or were "imposed on the same day." U.S.S.G. § 4A1.2(a). The Court identifies no intervening arrest

2

separating the acts at Counts 1 and 2, they are contained in the same charging instrument, and the sentences for both Counts were imposed on the same day, September 25, 2001. Therefore, they constitute only one predicate offense.

### 2. Pennsylvania Robbery Convictions

Next, Defendant objects to the inclusion of his prior Pennsylvania robbery convictions as Career Offender qualifying offenses. He was convicted in 2007 and 2008 for first-degree robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii), and in 2008 for second-degree robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(iv). Given his predicate offense of federal bank robbery, if any of these three state-level convictions qualifies as a crime of violence, Defendant will be eligible for the Career Offender enhancement.

The Guidelines provide that a "crime of violence" as used in § 4B1.1 is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2.

The Court uses the "categorical approach" to determine whether a prior conviction qualifies as a crime of violence under the Guidelines' force clause and is therefore a valid Career Offender predicate. *United States v. Ramos*, 892 F.3d 599, 605 (3d Cir. 2018). The categorical approach requires the Court to determine "whether the use, attempted use, or threatened use of physical force is categorically an element of the offense of conviction." *Id.* If the statute does have such an element, then it is a crime of violence. If it does not, then it "cannot serve as a career

3

offender predicate—even if the defendant actually committed the offense by using, attempting to use, or threatening to use physical force against another person." *Id.*

The Court may use the "modified categorical approach" if the statute of conviction is divisible. *Descamps v. United States*, 570 U.S. 254, 257 (2013). The modified categorical approach permits the Court to "look beyond the statute of conviction for a limited purpose" to "consult a specific set of extra-statutory documents," known as *Shepard* documents, "to identify the specific statutory offense that provided the basis for the prior conviction." *Ramos*, 892 F.3d at 607; *see Shepard v. United States*, 544 U.S. 13, 26 (2005).

Using the applicable *Shepard* documents, the Court may then "assess whether that offense categorically qualifies as a crime of violence." *Ramos*, 892 F.3d at 607. Then, "[a]fter applying the modified categorical approach to determine the specific crime of conviction," the Court "resorts to the traditional categorical approach that requires comparing the criminal statute to the relevant generic offense." *United States v. Peppers*, 899 F.3d 211, 231–32 (3d Cir. 2018) (internal quotation marks omitted).

A statute is divisible if it "sets out one or more elements of the offense in the alternative." *Descamps*, 570 U.S. at 257. The Third Circuit has held that "[g]iven the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible and therefore, a sentencing court can properly" consider *Shepard* documents. *United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013).

Defendant avers that *Blair*'s divisibility analysis has been abrogated and no longer binds this Court. That is because after *Blair*, the Supreme Court refined the modified categorical approach in *Mathis v. United States*, 136 S. Ct. 2243 (2016), emphasizing that disjunctive phrasing is not dispositive of the divisibility issue. In *Peppers*, however, the Third Circuit reaffirmed *Blair*'s

4

holding that the Pennsylvania robbery statute is divisible. *See Peppers*, 899 F.3d at 232 (quoting *Blair* and citing *Mathis*). Additionally, a panel of the Third Circuit recently confirmed that "our holding in *Blair* that 18 Pa. Cons. Stat. 3701(a)(1) is divisible has not been abrogated." *United States v. Khim*, 2018 WL 4201963, at *3 (3d Cir. Sept. 4, 2018).

Defendant argues that *Peppers* merely clarified that the § 3701(a)(1) is divisible as to penalty rather than subsection. (Def.'s Response, at 2.) As Defendant's argument goes, the Court can conclude that first-degree robbery, subsections (i)–(iii), is itself indivisible and therefore overbroad. Although *Mathis* clarified that disjunctive phrasing alone is not dispositive of divisibility, and despite opinions in several post-*Mathis* cases holding that *Mathis* abrogated *Blair* and that first-degree robbery statute is indivisible, *e.g.*, *United States v. Singleton*, 252 F. Supp. 3d 423, 430 (E.D. Pa. 2017), *Peppers* clearly affirmed the statute's divisibility. This Court is not at liberty to ignore a precedential opinion of the Third Circuit.

Moreover, the Third Circuit has recently held that Pennsylvania's aggravated assault statute, 18 Pa. Cons. Stat. § 2702(a), which has a similar format setting forth an offense and aggravating subsections, is divisible. *United States v. Ramos*, 892 F.3d 599, 609–610 (3d Cir. 2018). Based on *Blair*, *Peppers*, and *Ramos*, the Court concludes that 18 Pa. Cons. Stat. § 3701(a)(1) is divisible and will apply the modified categorical approach.

The Government and Defendant agree that the Government has submitted *Shepard* documents reflecting that Payo was charged with two counts of first-degree robbery under either 18 Pa. Cons. Stat. §§ 3701(a)(1)(i) or (ii). Additionally, Defendant agrees that the Government has submitted documents showing he was charged with and convicted of second-degree robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(iv). The Court will consider each in turn.

5

### a. 18 Pa. Cons. Stat. § 3701(a)(1)(ii)

As to the first-degree robbery charges, Defendant avers that the Government has submitted insufficient documentation to prove what charges Defendant was actually convicted of, and specifically whether he was convicted of the subsections charged in the Information, that is, (i) and (ii). The Government appears to contend that it does not matter which subsection he was convicted under because either would be a crime of violence. (Gov't *Shepard* Memo., at 1.) The Court need not reach the Government's argument that it did not need to submit *Shepard* documents confirming which of the two subsections Defendant was convicted under, because a judicially noticeable public record reveals that Defendant was convicted under subsection (ii).

"[A] court applying the modified categorical approach may only consider the charging document to the extent that the petitioner was actually convicted of the charges." *Evanson v. Att'y Gen.*, 550 F.3d 284, 293 (3d Cir. 2008). Although the Government submitted a Sentencing Order at its Case Number 318–2008, reflecting that Defendant was charged with six counts, including "Robbery – Serious Bodily Injury," and that Defendant pleaded guilty, and reflecting that Counts 1 and 5 "merge[d] for purposes of sentencing," it does not conclusively demonstrate what Defendant pleaded guilty to. (*See* Order of Court for Sentencing, Sept. 3, 2008, ECF No. 65–1.) That document further stated "as to all remaining counts N.F.P. [no further penalty]." (*Id.*)

The Court has obtained the Court of Common Pleas of Allegheny County docket report for *Commonwealth v. David Payo*, CP-02-CR-0000318-2008, from https://ujsportal.pacourts.us/. It is filed as Appendix A to this Memorandum Opinion. This Court may take judicial notice of state court docket reports. *See United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012). Federal Rule of Evidence 201(b) provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." The Court sees no reason to dispute the accuracy of the publicly available state court docket report. That report reflects that on September 3, 2008, Mr. Payo pleaded guilty to all counts, including two counts of robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii).

To the extent that Defendant's challenge to the classification of documents other than the charging document, plea colloquy, written plea agreement, and plea colloquy as *Shepard* documents extends to a docket sheet, that position is in conflict with the Third Circuit's categorization of "docket entries" as *Shepard*'s contemplated "other reliable judicial records." *See United States v. Henderson*, 841 F.3d 623, 632 (3d Cir. 2016); *United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010) (stating that docket entries are "records of the convicting court" (quoting *Shepard*, 544 U.S. at 23)).

With the understanding that Defendant was convicted of violating subsection (ii), the Court next determines whether that subsection is categorically a crime of violence. Subsection (ii) requires proof that the defendant "threaten[ed] another with or intentionally put[] him in fear of immediate serious bodily injury." 18 Pa. Cons. Stat. § 3701(a)(1)(ii). "[A] crime is a violent one under the elements clause so long as it has an element that can be satisfied only through the use, threatened use, or attempted use of force against another person that is capable of causing the person physical pain or injury." *Ramos*, 892 F.3d at 611.

As set forth in *United States v. Khim*, first-degree robbery that requires threatening another or putting him in fear of immediate serious bodily injury "categorically involves the use or attempted use of physical force." 2018 WL 4201963, at *9; *see also United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017) ("[C]rimes requiring proof of serious physical injury necessarily require proof of violent physical force."); *United States v. Chapman*, 866 F.3d 129, 135 (3d Cir.

7

2017) (rejecting the argument that the "threat of serious bodily injury . . . does not necessarily require a threat to use violent force"), *cert. denied*, 138 S. Ct. 1582 (2018). Defendant's convictions under subsection (ii) therefore qualify as Guidelines Career Offender predicate offenses.

### b. 18 Pa. Cons. Stat. § 3701(a)(1)(iv)

Defendant and the Government agree that the Government has submitted *Shepard* documents reflecting that Defendant was convicted of 18 Pa. Cons. Stat. § 3701(a)(1)(iv), which criminalizes robbery in which the defendant "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." The Government, pointing to a First Circuit ruling, contends that § 3701(a)(1)(iv) is a crime of violence. *See United States v. Ball*, 870 F.3d 1, 6 (1st Cir. 2017).

An analysis based on *Ball* presents two problems, however. First, because the First Circuit considered the defendant's sentence under the 2015 Guidelines Manual, the bulk of *Ball*'s reasoning is based on the Guidelines' residual clause, which is no longer in effect and does not apply in Mr. Payo's case. *See Ball*, 870 F.3d at 6 (considering enumerated offenses clause's applicability but concluding that "we find more compelling the government's argument that Ball's prior conviction for robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(iv) falls within the career offender guideline's residual clause in the 2015 Guidelines Manual"). Second, *Ball*'s reasoning as to whether § 3701(a)(1)(iv) might nonetheless be a crime of violence because it substantially corresponds to the definition of generic robbery is based on a "generic definition accepted by both parties" in that case. *Id.* at 6. Here, only the Defendant has offered a generic version of robbery. (*See* Def.'s Position, at 12.) For these reasons, the Court declines the Government's invitation to treat *Ball* as informative as to Mr. Payo's case.

8

However, the Court nonetheless concludes that robbery in violation of § 3701(a)(iv) is an enumerated offense under Guidelines § 4B1.1. To determine whether an offense qualifies as a crime of violence under the enumerated offenses clause, the Court "compare[s] the elements of the crime of conviction to the generic form of the offense as defined by the States, learned treatises, and the Model Penal Code." *United States v. McCants*, 911 F.3d 127, 138 (3d Cir. 2018) (quoting *United States v. Marrero*, 677 F.3d 155, 165 (3d Cir. 2012), *vacated on other grounds*, 570 U.S. 929 (2013)). The prior conviction is a crime of violence only if the state crime's elements "are the same as, or narrower than, those of the generic offense. *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014). If the statute sweeps more broadly than the generic offense, criminalizing conduct that the generic offense does not, then it is not an enumerated offense under the Guidelines. *See McCants*, 911 F.3d at 138.

In *United States v. Graves*, the Third Circuit cited with approval the Ninth and Fifth Circuits' definition of generic robbery, 877 F.3d at 502, which describes the crime as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008), *abrogated on other grounds*, *United States v. Bankston*, 901 F.3d 1100, 1103–04 (9th Cir. 2018) (*quoting United States v. Santiesteban–Hernandez*, 469 F.3d 376, 380 (5th Cir.2006)); *see also* 3 W. LaFave, Substantive Criminal Law § 20.3(e) (2d ed. 2003) (providing the quoted definition). The Court in *Graves* also held that "generic federal robbery is defined as it is in the majority of state robbery statutes, without the requirement of more than *de minimis* force." 877 F.3d at 504.

The definition of robbery in § 3701(a)(1)(iv), which criminalizes theft in which the defendant "inflicts bodily injury upon another or threatens another with or intentionally puts him

9

in fear of immediate bodily injury" does not sweep broader than generic robbery, which requires "circumstances involving immediate danger to the person" and no more than *de minimis* force. The Third Circuit recently evaluated a similar New Jersey statute, which criminalizes robbery where the defendant "threatens another with or purposely puts him in fear of immediate bodily injury." *McCants*, 911 F.3d at 138 (quoting N.J. Stat. Ann. § 2C:15-1(a)(2)). The Court determined that this subsection "falls within the definition of generic robbery because the statute requires the threat of bodily injury, which involves more force—and is therefore categorically narrower—than *de minimis* force," and therefore convictions under that subsection qualified as crimes of violence. *Id.* The Court concludes that the nearly identically worded Pennsylvania statute in § 3701(a)(1)(iv) therefore qualifies as a crime of violence under the Guidelines' enumerated offenses clause.

Alternatively, a panel of the Third Circuit has concluded that § 3701(a)(1)(iv) qualifies under the force clause because its prohibition on "inflict[ing] bodily injury upon another" or threatening to do so "has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Toomer*, 2017 WL 1508842, at *4 (3d Cir. April 27, 2017).

However, *Toomer*'s reasoning has been undercut by the Third Circuit's opinion in *Mayo*, which clarified that, for purposes of Pennsylvania's similarly phrased aggravated assault statute, § 2702(a)(1), "[p]hysical force and bodily injury are not the same thing." 901 F.3d at 227 (alteration in original) (quoting brief on appeal). Although *McCants* held that the similar New Jersey robbery statute qualified under either the force or elements clause, it based that conclusion on New Jersey's definition of "bodily injury." 911 F.3d at 138. *Mayo* relied in part on Pennsylvania courts' interpretations that bodily injury for purposes of the aggravated assault statute did not require the use or attempted use of physical force. *Mayo*, 901 F.3d at 227–28. Therefore, the Court

10

declines to base its ruling on whether § 3701(a)(iv) would qualify under the force clause, although it does qualify under the enumerated offenses clause.

Thus, Defendant's three convictions for Pennsylvania robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii) and (iv) qualify as Career Offender predicates. Combined with his federal bank robbery predicate offense, Defendant has four qualifying felony convictions and therefore his objection to the Career Offender enhancement is overruled.

### B. Defendant's Additional Objections

In addition to his objections to his designation as a Career Offender, Defendant also objects to PSR paragraphs 37–59, 111, and a portion of the Addendum.

#### 1. PSR Paragraphs 37–59

Defendant objects to the PSR's "use of unproven facts, apparently copied from a complaint or affidavit of probable cause." (ECF No. 67, at 6.) In particular, Defendant objects to the Court considering underlying facts as to the offense conduct reported in the PSR at paragraphs 37–59 regarding his prior convictions.

The Court is not treating the PSR as a *Shepard* document in this case. The Court also concludes that it need not rule on this dispute because the matter will not affect sentencing and/or the Court will not consider the matter in sentencing. *See* Fed. R. Crim. P. 32(i)(3). The Government has not advanced a sentencing argument based on the reported "offense conduct" descriptions in PSR paragraphs 37–59. Defendant has not disputed any particular underlying fact in PSR paragraphs 37–59, and instead contests the PSR's recitation of facts from documents not admitted by Defendant or previously established beyond a reasonable doubt.

"[A] sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins*, 54 F.3d 153, 166–67 (3d

11

Cir. 1995). In order to show that the PSR contains inaccuracies, a defendant must provide some evidence calling into question the accuracy or reliability of the information, rather than simply denying the facts in the PSR. *United States v. Harmon*, 721 F.3d 877, 889 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1014 (2014). If a defendant casts "real doubt" upon the PSR's accuracy or reliability, then the burden shifts to the Government to demonstrate the information's accuracy. *United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013). Here, Defendant has not carried his burden to cast doubt on the PSR's accuracy. Instead, he generally argues that absent his admission, the Government must prove the facts contained therein at sentencing. In addition, a general denial of all underlying PSR facts, without more, does not support a departure from 18 U.S.C. § 3553(a)(1)'s requirement that the Court consider "the nature and circumstances of the offense and history and characteristics of the defendant" when imposing sentence. 18 U.S.C. § 3553(a)(1).

As Defendant concedes, the Court need only resolve such factual objections if they will "affect sentencing," and Fed. R. Crim. P. 32(i)(3) permits the Court to "determine that a ruling is unnecessary." The Court concludes that it need not resolve Defendant's general and generic objection to the facts underlying the PSR's recitation of Defendant's criminal history, both because the Court is not treating the PSR as a *Shepard* document necessary to establish the appropriate Guideline range, and because Defendant has made no specific factual dispute beyond a blanket denial of any facts underlying his previous convictions. Taking Defendant's argument to its logical conclusion—that a sentencing court may not consider any fact in the PSR that was not proven beyond a reasonable doubt or admitted by the Defendant—would upend the sentencing procedures set forth in Federal Rule of Criminal Procedure 32 and § 3553, which the Court will not do.

However, in light of the absence of any argument of the Government reliant on specific facts in PSR paragraphs 37–59, the Court will sustain the objection to the extent that the Court

need not rely on the reported facts beyond the fact of, and elements of, the convictions in PSR paragraphs 37–59 when determining Defendant's Guideline range and imposing sentence (including consideration of the § 3553(a) factors).[1]

### 2. PSR Paragraph 111

Defendant also objects to paragraph 111 of the PSR, because the count of conviction here, 18 U.S.C. § 2113(a), does not mandate that costs of prosecution be imposed upon conviction, according to the Commentary to U.S.S.G. § 5E1.5. Upon review of the paragraph 111, that paragraph merely recites that "costs of prosecution shall be imposed on the defendant as required by statute," which is nearly verbatim what § 5E.1.5 says. But to the extent that § 2113(a) is not enumerated in the Commentary's list of statutes, and § 2113(a) does not itself specify that the sentencing court shall impose costs of prosecution, Defendant's objection is sustained. The Court does not intend to impose such costs of prosecution on Defendant.

However, Congress requires this Court to consider all of the factors, including costs to the government of a term of probation, imprisonment, or supervised release, when determining whether to impose a fine. 18 U.S.C. § 3572(a)(6). Whether such fine will be imposed is a matter yet to be determined, but such consideration does not, as Defendant suggests, "undermine[] the interest in finality of judgment and due process principles," or "result in an ambiguous sentence." (Def.'s Position, at 15.) This portion of the objection is overruled.

### 3. PSR Addendum/Costs of Supervision

Although not contained in the PSR, Defendant objects to paying for court-mandated treatment as a condition of supervised release, if such is imposed by the Court. In response, the Probation Office cited Monograph 109, Supervision of Federal Offenders, which provides that

---

[1] Of course, if Defendant "opens the door" in his sentencing arguments as to factual matters relative to PSR paragraphs 37–59, the Court would then reserve the ability to consider the reported facts.

"[w]hen testing or treatment services are ordered, offenders should be required to pay for these services to the degree that they are able." (Addendum, at 3.) Defendant avers that the Addendum and Monograph 109's reasoning do not justify imposition of treatment costs because such costs do not relate to the § 3553(a) factors. (Def.'s Supp., at 4.)

In the Court's estimation, the payment of any treatment costs is contingent upon a Defendant's then-ability to pay. That is an assessment that may need to be made sometime well into the future. Therefore, the Defendant's argument is at this point not yet ripe, and in any event, the Court does not conclude that directing a defendant to pay actual costs of therapeutic treatment within his ability to pay runs afoul of § 3553(a).

### C. PSR Calculations

The Court tentatively finds and concludes that the calculation of the Advisory Guidelines as set out in the PSR and the Addendum, resulting in a Total Offense Level of twenty-nine (29) and a criminal history category of VI, are correct. The resulting Guideline Range is 151 months to 188 months. Defendant is in custody. The Court will hear further from all parties at the time of the sentencing hearing as to all other sentencing matters.

The sentencing date will be set by further Order.

Mark R. Hornak
United States District Judge

Dated: January 16, 2019

cc:  All counsel of record